1  Shane Brun (SBN 179079)
   sbrun@goodwinprocter.com
2  Claire C. Jacobson (SBN 301017)
   cjacobson@goodwinprocter.com
3  **GOODWIN PROCTER LLP**
   Three Embarcadero Center
4  24th Floor
   San Francisco, California 94111
5  Tel.: 415-733-6000
   Fax: 415-677-9041
6
   Attorneys for Applicant, **Medical Research
7  Council**

**FILED**

AUG -7 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: APPLICATION OF MEDICAL RESEARCH COUNCIL FOR AN ORDER PERMITTING ISSUANCE OF SUBPOENAS TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDING

Case No.  CV 15 80 213 MISC

DISCOVERY MATTER

APPLICATION FOR AN *EX PARTE* ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM GENENTECH FOR USE IN A FOREIGN PROCEEDING

APP. FOR *EX PARTE* ORDER PURSUANT TO 28 U.S.C. §1782        CASE NO. _____

Applicant Medical Research Council ("MRC") hereby applies to this Court for an *ex parte* order pursuant to 28 U.S.C. section 1782 to authorize a subpoena directing Genentech, Inc. ("Genentech") (a company having its headquarters at 1 DNA Way, South San Francisco, California 94080) to produce documents for use in a proceeding before a foreign tribunal involving a royalties dispute between MRC and Celltech R&D Limited ("Celltech").

This application is made pursuant to 28 U.S.C. section 1782. In support of this application, MRC submits the accompanying Memorandum of Points and Authorities and the Declaration of Clark Sargent. MRC attaches a [Proposed] Order and a Subpoena to Genentech to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Genentech Subpoena" – Exhibit A).

For the reasons detailed in this accompanying Memorandum of Points and Authorities, this application satisfies the statutory requirements of section 1782(a), and the factors relevant to the Court's discretion to allow discovery under section 1782(a) weigh in favor of granting the discovery that MRC requests.

MRC has sent written notice of this application and the relief sought to Genentech's counsel in the United Kingdom. *See* Declaration of Clark Sargent ¶¶ 14-15, 17, Exs. 1-2, 4.

WHEREFORE, MRC respectfully requests that this Court enter an order authorizing MRC's counsel to issue the subpoena attached as Exhibit A to Genentech directing it to produce documents identified in the subpoena within fourteen (14) days following the service of the subpoena.

Dated: August 7, 2015

Respectfully submitted,

By: _____
Shane Brun
Claire C. Jacobson
**GOODWIN PROCTER LLP**
Three Embarcadero Center
24th Floor
San Francisco, California 94111

*Attorneys for Medical Research Council*

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**Page**

I. BY THIS APPLICATION, MEDICAL RESEARCH COUNCIL SEEKS *EX PARTE* AUTHORIZATION TO SERVE ITS PROPOSED SUBPOENA ON GENENTECH ............................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 2

III. ARGUMENT ................................................................................................................... 3

    A. This Application Satisfies the Statutory Requirements for Taking Discovery from Genentech For Use in the Foreign Proceeding. ................................................ 3

    B. The Court Should Exercise its Discretion to Grant the Requested Discovery ........ 4

IV. CONCLUSION ................................................................................................................ 7

APP. FOR *EX PARTE* ORDER PURSUANT TO 28 U.S.C. §1782              CASE NO.

# TABLE OF AUTHORITIES

**Cases**                                                       **Page(s)**

*In re Am. Petroleum Inst.*,
  No. 5:11-mc-80008 (N.D. Cal. Apr. 7, 2011) ............................................................. 1

*In re Ex Parte App. of Global Energy Horizons Corp.*,
  No. 5:15-mc-80078-PSG, 2015 WL 1325758 (N.D. Cal. Mar. 25, 2015) ............... 5, 6

*In re Clerici*,
  481 F.3d 25 1324, 1331-32 (11th Cir. 2007) ...................................................... 3, 4, 5

*In re Gianasso*,
  No. 3:12-mc-80029, 2015 WL 651647 (N.D. Cal. Feb. 28, 2012) ............................. 1

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ......................................................................................... 3, 4, 5, 7

*Govan Brown & Assocs. Ltd v. Google, Inc.*,
  No. 5:10-cv-02704 (N.D. Cal. Apr. 6, 2010) ............................................................. 1

*Gushlak v. Gushlak*,
  486 F. App'x 215 (2d Cir. 2012) ................................................................................ 1

*Matter of Action and Protection Found.*,
  No. 14-cv-80076 MISC MEC (LB),
  2015 WL 1906984 (N.D. Cal. Apr. 27, 2015) ......................................................... 4, 5

**Statutes**

28 U.S.C. § 1782 ............................................................................................... *passim*

ii

APP. FOR *EX PARTE* ORDER PURSUANT TO 28 U.S.C. §1782       CASE NO.

Applicant Medical Research Council ("MRC") respectfully submits this memorandum of points and authorities in support of its Application for an *Ex Parte* Order Pursuant to 28 U.S.C. § 1782 to Take Discovery from Genentech for Use in a Foreign Proceeding. MRC seeks an *ex parte* order authorizing the issuance of a subpoena to Genentech, Inc. ("Genentech"), directing it to produce documents for use in a foreign proceeding that involves a dispute between MRC and Celltech R&D Limited ("Celltech"). The dispute concerns unpaid royalties pursuant to a license agreement made between MRC and Celltech relating to the Winter Patent dated November 27, 1987 (the "License Agreement").

Genentech is a company located at 1 DNA Way, South San Francisco, California 94080. MRC's counsel intends to serve Genentech with a subpoena that issues from this application within this Judicial District.

## I. BY THIS APPLICATION, MEDICAL RESEARCH COUNCIL SEEKS *EX PARTE* AUTHORIZATION TO SERVE ITS PROPOSED SUBPOENA ON GENENTECH

An application under Section 1782 is typically brought *ex parte*. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *see, e.g., In re Gianasso*, No. 3:12-mc-80029, 2015 WL 651647 (N.D. Cal. Feb. 28, 2012); Order, *In re Am. Petroleum Inst.*, No. 5:11-mc-80008 (N.D. Cal. Apr. 7, 2011), ECF No. 6; Order, *Govan Brown & Assocs. Ltd v. Google, Inc.*, No. 5:10-cv-02704 (N.D. Cal. Apr. 6, 2010).

The requested discovery is necessary to resolve a foreign dispute that turns on questions of sub-licensing and sub-sub-licensing agreements related to the License Agreement. To determine Celltech's unpaid royalties pursuant to the License Agreement, the English Court must first decide whether Celltech entered into a sub-licensing agreement with Genentech, and whether Genentech then entered into sub-sub-licensing agreements with Hoffman-La Roche ("Roche") and Novartis Pharmaceuticals ("Novartis").

MRC is unlikely to obtain any meaningful discovery compelled by the English Court in this matter because Genentech is a non-party to the foreign litigation and maintains the requested documents in the United States. Even if the English Court were to issue an order requiring

1  Genentech to produce the requested documents, the order would be unenforceable in the United
2  States. However, MRC expects the English Court to allow MRC to offer as evidence documents
3  produced to MRC by order of this Court. MRC has no other means to obtain the needed discovery
4  in respect of those documents to which Celltech was not a party. MRC therefore respectfully asks
5  this Court to compel the requested discovery.

## II.  FACTUAL BACKGROUND

7  MRC and Celltech have become engaged in extensive litigation in the High Court of
8  Justice, Chancery Division, Royal Courts of Justice in the United Kingdom regarding unpaid
9  royalties in the amount of £26.47 million (more than US $40 million), plus interest and costs,
10 under the License Agreement (the "UK Litigation"). *See* Declaration of Clark Antony Sargent
11 ("Sargent Decl.") ¶¶ 2, 4. In particular, in the UK Litigation, MRC asserts that Celltech is liable
12 for royalties on end sales made under sub-licensing and sub-sub-licensing agreements relating to
13 the License Agreement.

14 Celltech entered into a sub-licensing agreement with Genentech on or around March of
15 1991, MRC contends in the UK litigation that Genentech then entered into sub-sub-licensing
16 agreements with Roche and Novartis. *Id.* at ¶ 5. Since the date of the License Agreement,
17 Genentech and/or Roche and/or Novartis have developed two antibody products, Avastin and
18 Lucentis ("the Products"), which have been manufactured and/or sold in the United States and
19 worldwide by Genentech and Novartis as licensees of Genentech. *Id.* On or around March 2,
20 2001, Celltech and Genentech entered into an Amended and Restated License Agreement. MRC
21 contends that under the License Agreement, Celltech is liable to pay MRC royalties on end sales
22 of the Products both Roche and Novartis. *Id.*

23 MRC initiated the UK Litigation on August 26, 2014 in the Chancery Division, Royal
24 Courts of Justice seeking a payment of unpaid royalties pursuant to the License Agreement. *Id.* at
25 ¶ 4. MRC filed its Amended Claim on October 10, 2014. Celltech filed its Defense on February
26 4, 2015. MRC filed its Reply on March 11, 2015. A case management hearing is set for
27 September 3, 2015. *Id.*

28

Two potentially important documents in the UK Litigation are the 1991 and 2001 Agreements between Genetech and Celltech. Celltech has only produced a heavily redacted version of the 2001 Agreement between Genentech and Celltech. Celltech has entirely refused to provide a copy of the 1991 Agreement between it and Genentech, or any details of Genentech's sub-sub-licensing arrangements. *See* Sargent Decl. ¶ 8. In addition to these two documents, MRC seeks documents pertaining to Genentech's sub-sub-licensing and marketing agreements with Novartis and Roche in relation to the Products because such agreements affect the determination of the issue of (and if so the amount of) any unpaid royalties by Celltech to MRC. *Id.* at ¶ 10.

## III. ARGUMENT

### A. This Application Satisfies the Statutory Requirements for Taking Discovery from Genentech For Use in the Foreign Proceeding.

The purpose of 28 U.S.C. section 1782 is to "assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004). Section 1782(a) reads, in relevant part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request be made by a 'foreign or international tribunal,' or 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 25 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)). As demonstrated below, this application satisfies each of the statutory requirements of § 1782(a).

First, MRC is an "interested person" within the meaning of section 1782 because MRC is a litigant in the foreign proceeding. A party to the foreign litigation falls squarely within the definition of an interested person. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of the 'interested person' who may invoke § 1782; we read § 1782 to convey no more.") (internal citations omitted).

Second, this application seeks documentary evidence and therefore meets the second statutory requirement. *See Clerici*, 481 F.3d at 1331-32 ("the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'").

Third, the evidence sought through this application is for use in a foreign tribunal. The High Court in the Chancery Division, Royal Courts of Justice acts as a "first-instance decisionmaker." *Intel*, 542 U.S. at 258; *see also Matter of Action and Protection Found.*, No. 14-cv-80076 MISC MEC (LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015) ("[A]ll that is necessary [to fulfill the third element] is that a 'dispositive ruling by the foreign adjudicative body is 'within reasonable contemplation.'") (holding this element satisfied where the adjudicative bodies were civil and criminal courts in Hungary). Here, there can be no doubt that the UK Litigation is before a foreign "tribunal" or that a dispositive ruling by the High Court of Justice is within reasonable contemplation.

Finally, Genentech is headquartered in this Judicial District. MRC's counsel intends to serve Genentech with a subpoena authorized under this application within this Judicial District.

For the foregoing reasons, the Court has authority under section 1782 to grant the discovery MRC requests.

**B.    The Court Should Exercise its Discretion to Grant the Requested Discovery**

Once the statutory requirements of section 1782(a) are met, a district court has discretion to authorize the requested discovery. *See Clerici*, 481 F.3d at 1334. The Supreme Court has identified four factors that a district court should consider in determining whether to exercise that discretion:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when

> evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'

*Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542, U.S. at 264-65).

The first factor, whether "the person from whom discovery is sought is a participant in the foreign proceeding" is based on the rationale that a "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264 (citations omitted). The first factor weighs in favor of authorizing the requested discovery from Genentech because Genentech is not a party to the English proceedings. *See Matter of Action and Protection Found.*, 2015 WL 1906984, at *6 (finding the first discretionary element satisfied where the parties from whom discovery was sought were nonparticipants in the foreign proceeding).

MRC is a participant in the English proceeding, however, the discovery available in the English tribunal is such that MRC would not be able to obtain the necessary documents in a timely fashion, if at all, to determine whether the sub-licensing and sub-sub-licensing agreements existed, and Celltech's liability under these agreements. *See* Sargent Decl. ¶ 12. Indeed, even if the English Court compelled non-party Genentech to provide the requested discovery, such an order would be unenforceable in the United States where the documents are located and Genentech is headquartered. *Id.* at ¶ 11. Thus, the evidence here, available in the United States, is unobtainable absent section 1782 aid. *Id.* (quoting *Intel*, 542 U.S. at 264).

The second factor also weighs in favor of granting MRC's discovery request. The English Court is a judicial proceeding conducted before a tribunal that is a first instance finder of fact on the issue of the unpaid royalties under sub-licensing and sub-sub-licensing agreements. *See* Sargent Decl. ¶ 9. MRC is not aware of any authoritative evidence that the English tribunal would not be receptive to the evidence MRC seeks through this application. *See In re Ex Parte App. of Global Energy Horizons Corp.*, No. 5:15-mc-80078-PSG, 2015 WL 1325758, at *2 (N.D. Cal.

Mar. 25, 2015) (granting a section 1782 application where "[t]here is no authority suggesting the English government would be hostile or otherwise reject discovery obtained through a Section 1782 subpoena"). In fact, the English Court will be receptive to the evidence because of how critical it is to determine the issue of (and if so the amount of) any unpaid royalties from Celltech to MRC under the License Agreement. *See* Sargent Decl. ¶ 13.

The third factor also weighs in favor of granting MRC's application. MRC is not attempting to circumvent proof-gathering restrictions or other policies of the English Court. Indeed MRC is not aware of any such restrictions or policies. To the contrary, as noted above, MRC expects the English Court to readily accept any evidence that has been compelled by an order of this Court. These are precisely the circumstances that 1782 is intended to address.

Finally, MRC's discovery request is not "unduly intrusive or burdensome." The English Court will seek to determine whether Celltech entered into a sub-licensing agreement with Genentech, and whether Genentech then entered into sub-sub-licensing and marketing agreements with Roche and Novartis. *See* Sargent Decl. ¶ 9. MRC's discovery requests are specifically targeted to obtain this information in two ways. *See* Subpoena, attached as Ex. A to MRC's Application.

First, to determine whether Celltech entered into a sub-licensing agreement with Genentech within the meaning of the License Agreement, MRC seeks the 1991 Agreement and the unredacted version of the March 2, 2001 Amended and Restated License Agreement. *See* Draft/List of Issues, attached as Ex. 3 to Sargent Decl. ¶ 16 ("Ex. 3") (the issues in the UK Litigation are contingent on whether Genenetch is a "sub-licensee of Celltech"); Sargent Decl. ¶¶ 9-10.

Second, to determine the existence of the sub-sub-licensing agreements and the unpaid royalties under the sub-sub-licensing agreements, MRC seeks the production of the October 25, 1995 Agreement between Genentech and Roche and the 1999 Amended and Restated Agreement between Genentech and Roche, all documents related to the marketing and licensing agreements of Lucentis between Genentech and Novartis, and all documents related to the marketing and licensing agreements of Avastin between Genentech and Roche. *See* Ex. 3; Sargent Decl. ¶ 10.

1  Such agreements are necessary to determine the issue of (and if so the amount of) any unpaid
2  royalties from Celltech owed to MRC pursuant to the License Agreement. *Id.* at ¶ 10.
3       Because MRC's application satisfies all of the statutory requirements of section 1782(a),
4  and the *Intel* factors weigh decidedly in favor of granting the requested discovery, MRC
5  respectfully asks this Court to grant MRC's application.

## IV. CONCLUSION

For all of the foregoing reasons, MRC respectfully requests that the Court exercise its discretion to issue an *ex parte* order authorizing MRC's counsel to issue the subpoena attached as Exhibit A to Genentech directing it to produce the documents identified in the subpoena within fourteen (14) days following service of the subpoena.

Dated: August 7, 2015

Respectfully submitted,

By: /s/ Shane Brun
Shane Brun
Claire C. Jacobson
**GOODWIN PROCTER LLP**
Three Embarcadero Center
24th Floor
San Francisco, California 94111

*Attorneys for Medical Research Council*

# *EXHIBIT A*

# *EXHIBIT A*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

IN RE: Application of Medical Research Council for an Order Permitting Issuance of a Subpoena to Take Discovery for Use in a Foreign Proceeding )
*Plaintiff* )
v. ) Civil Action No.
)
)
_____ )
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Genentech, Inc.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A Attached.

| Place: Goodwin Procter LLP<br>Three Embarcadero Center, 24th Floor<br>San Francisco, CA 94111 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Medical Research Council _____, who issues or requests this subpoena, are:
Shane Brun, Goodwin Procter LLP, 3 Embarcadero Center, 24th Floor, San Francisco, CA 94111;
SBrun@goodwinprocter.com, (415) 733-6000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* <u>Genentech, Inc.</u>
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ <u>0.00</u>

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---



## SCHEDULE A

### Document Requests to Genentech

1. The March 1991 Agreement between Genentech, Inc. ("Genentech") and Celltech Limited ("Celltech").

2. An unredacted version of the March 2, 2001 Amended and Restated License Agreement between Genentech and Celltech.

3. The October 25, 1995 Agreement between Genentech and Celltech.

4. The 1999 Amended and Restated Agreement between Genentech and Hoffman-La Roche ("Roche").

5. All documents relating to the marketing and licensing agreement(s) of Lucentis between Genentech and Novartis Pharmaceuticals.

6. All documents relating to the marketing and licensing agreement(s) of Avastin between Genentech and Roche.

ACTIVE/83226843.1

2

SCHEDULE A
CASE NO. _____