UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF MEDICAL RESEARCH COUNCIL FOR ORDER | Case No.  15-mc-80213-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICANT'S MOTION TO SEAL**<br><br>Re: Dkt. No. 28 |

Pending before the Court is Applicant Medical Research Council's administrative motion to file under seal exhibits 3 and 4 to the declaration of Shane Brun in support of its motion for relief from nondispositive pretrial order of magistrate judge ("Brun Declaration").  Dkt. No. 28. Genentech filed a memorandum in support of Applicant's motion to seal on January 4, 2016.  Dkt. No. 30.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records.  This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  "[A] 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178-79 (internal

citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Ultimately, what constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599. The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, No. 15-55084, slip. op. at 17 (9th Cir. Jan. 11, 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Per Civil Local Rule 79-5, the party seeking to file a document or portions of it under seal must also "narrowly tailor[]" its request "to seek sealing only of sealable material." Civil L.R. 79-5(b).

## II.  DISCUSSION

In this action, Applicant seeks an order authorizing a subpoena of Genentech to produce

documents for use in a proceeding before a foreign tribunal.  Dkt. No. 1 at 2.  In the present motion to seal, Applicant asks the Court to seal records attached to its motion to set aside a discovery order previously issued by the Magistrate Judge to whom the matter was assigned.  Dkt. No. 27.  The Court finds that the records sought to be sealed are attached to a motion that is only "tangentially related to the merits" of the underlying case (*i.e.*, the foreign litigation), and therefore will apply the "good cause" standard to Applicant's motion to seal.  *See Phillips*, 307 F.3d at 1213-14 (applying "good cause" standard to sealing of motion for discovery sanctions).

Applicant moves to seal the entirety of exhibits 3 and 4 to the Brun Declaration.  Dkt. No. 28 at 1.  Exhibit 3 is a license and collaboration agreement between Genentech and Novartis Ophthalmics AG.  *Id.*  Exhibit 4 is Genentech's written response objecting to Applicant's subpoena.  *Id.*  Applicant states that it does "not believe that either [exhibit] required filing under seal," but "has no objections" to Genentech's claim that the documents should be filed under seal.  *Id.* at 2.

In its memorandum in support, Genentech does not seek to seal exhibit 4.  Dkt. No. 30 at 1.  Rather, Genentech only seeks to seal exhibit 3 because that licensing agreement "contains information that is internal, confidential and sensitive to Genentech, and which is subject to contractual confidentiality restrictions."  Dkt. No. 30-1 ¶ 3.  Furthermore, "[t]he unprotected distribution of [exhibit 3] to the public could cause harm to Genentech and its employees."  *Id.*

The Court finds that good cause exists to seal exhibit 3 to the declaration of Shane Brun.  *See Digital Reg of Tex., LLC v. Adobe Sys., Inc.*, No. 12-cv-01971-CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (finding good cause to grant motion to seal "confidential business information about royalty rates, terms of licensing agreements and revenues").  Furthermore, the Court finds that Applicant's request to seal exhibit 3 is "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.

Accordingly, the Court GRANTS Applicant's motion to seal with respect to exhibit 3 to the Brun Declaration. The Court DENIES Applicant's motion to seal with respect to exhibit 4. Applicant shall publicly file an unredacted version of exhibit 4 to the Brun Declaration within four days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 1/13/2016

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　HAYWOOD S. GILLIAM, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

4